IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE M. HILL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 3:13-CV-3043-N-BK |
| | § | |
| BAC HOME LOANS SERVICING, | § | |
| LP, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This case has been referred to the undersigned for case management. The *pro se* Plaintiff originally filed this action in state court, seeking to quiet title and a declaratory judgment that a deed of trust that had been recorded in the county records in 2006 was invalid and unenforceable because the person who executed it had no authority to encumber the property. (Doc. 1-3 at 4-5). Defendant BAC Home Loans Servicing removed the action to federal district court.[1] (Doc. 1).

Now before the Court is Defendant BAC Home Loans Servicing's *Motion to Dismiss*. (Doc. 5). Defendant filed its motion on August 12, 2013. *Id*. Following Plaintiff's failure to

---

[1] Defendant contends in its *Notice of Removal* that diversity jurisdiction is proper because, *inter alia*, its co-defendant, New Century Mortgage Corporation, was improperly joined and is a nominal party such that its presence in the suit should be ignored. (Doc. 1 at 3-5). Defendant apparently believes that New Century is a citizen of Texas. The undersigned notes, however, that New Century appears to be a resident of California, rendering the parties completely diverse. (Doc. 1-3 at 13) (deed stating that New Century was organized in, and exists under the laws of, the state of California). Additionally, the amount in controversy requirement is satisfied because the value of the property in question is $79,530.00. (Doc. 1-7 at 2) (Dallas Central Appraisal District real estate appraisal); *Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011) (holding that a district court may take judicial notice of a fact that is publicly available and capable of ready determination by resort to a source whose accuracy cannot reasonably be questioned); *State Life v. Ins. Co. of Ind., Ind. v. Wichita Cty. Water Imp. Dist. No. 2*, 18 F. Supp. 834, 834 (N.D. Tex. 1937) (stating that in suits to quiet title, the value of the land is always the amount in controversy).

timely respond, the Court ordered his response by October 10, 2013, if he was opposed to the relief sought and warned Plaintiff that his failure to respond could result in the dismissal of his case. (Doc. 6). The October 10 deadline has now passed, and Plaintiff did not respond.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendant BAC Home Loan Servicing's dismissal motion and failed to comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from re-filing his case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, the statute of limitations for Plaintiff's quiet title claim does not appear to expire until January 2017 because the property in question was not transferred to him via quit-claim deed until January 2013. (Doc. 1-3 at 9); *see Nobles v. Marcus*, 533 S.W.2d 923, 926-27 (Tex. 1976) (holding that a deed is voidable if the claimant alleges that it was signed by someone without the requisite power and authority); *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex.App.–Fort Worth, 2010) (holding that a four-year statute of limitations applies in a quiet title action where it is alleged that the deed is voidable).

Liberally construing his *pro se* complaint in light of the removal of his case to federal court, Plaintiff also seeks relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, *5 n.11 (N.D. Tex. 2011) (Fitzwater, C.J.) (stating that when a state-filed declaratory judgment action is removed to federal court, it is

converted into an action brought under the federal Declaratory Judgment Act). That Act provides that any federal court may declare the rights and legal relations of any interested party. However, the availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Thus, Plaintiff will be able to seek declaratory relief again if he re-files his quiet title action before the expiration of the statute of limitations for the latter action. Accordingly, the District Court should dismiss this case against Defendant BAC Home Loans Servicing without prejudice based on Plaintiff's lack of prosecution and failure to comply with a Court order.[2]

      **SO RECOMMENDED** on October 28, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The case remains pending against Defendant New Century Mortgage Corporation, which was properly served with process in the state court before the case was removed, (Doc. 1-6 at 2-3), but has not appeared before this Court.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE