IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE M. HILL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 3:13-CV-3043-N-BK |
| | § | |
| BAC HOME LOANS SERVICING, | § | |
| LP and NEW CENTURY | § | |
| MORTGAGE CORP., | § | Referred to U.S. Magistrate Judge |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

This case has been referred to the undersigned for case management.  The *pro se* Plaintiff originally filed this action in state court, raising a claim of quiet title and seeking a declaratory judgment that a deed of trust that had been recorded in the county records in 2006 was invalid and unenforceable because the person who executed it had no authority to encumber the property.  (Doc. 1-3 at 4-5).  Defendant BAC Home Loans Servicing, removed the action to federal district court.[1]  (Doc. 1).

In December 2013, this Court adivsed Plaintiff that it was unable to discern any cause of action alleged against New Century Mortgage Corporation, the remaining Defendant in this case. (Doc. 9 at 1).  Accordingly, the undersigned ordered Plaintiff to file a complaint that complied with Rule 8 of the Federal Rules of Civil Procedure no later than December 27, 2013.  *Id.* at 12. On January 8, 2014, when the December 27 deadline had passed and Plaintiff had not timely responded to Defendant's motion, the undersigned issued a show cause order directing Plaintiff to show cause by February 6, 2014 why the Court should not recommend dismissal of this action

---

[1] On December 2, 2013, the Court dismissed the complaint without prejudice against BAC Home Loans Servicing, based on Plaintiff's failure to prosecute. (Doc. 8).

for failure to prosecute. (Doc. 10). The February 6 deadline has now passed, and Plaintiff has not responded to the Court's show cause order.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has exhibited a pattern of failing to prosecute his case and respond to Court orders in that he did not respond to Defendant BAC Home Loan Servicing's dismissal motion and has subsequently failed to comply with three Court orders. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, the statute of limitations for Plaintiff's quiet title claim does not appear to expire until January 2017 because the property in question was not transferred to him via quit-claim deed until January 2013. (Doc. 1-3 at 9); *see Nobles v. Marcus*, 533 S.W.2d 923, 926-27 (Tex. 1976) (holding that a deed is voidable if the claimant alleges that it was signed by someone without the requisite power and authority); *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex.App.–Fort Worth, 2010) (holding that a four-year statute of limitations applies in a quiet title action where it is alleged that the deed is voidable).

Liberally construing his *pro se* complaint in light of the removal of his case to federal court, Plaintiff also seeks relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, *5 n.11 (N.D. Tex. 2011) (Fitzwater, C.J.) (stating that when a state-filed declaratory judgment action is removed to federal court, it is

converted into an action brought under the federal Declaratory Judgment Act).  That Act provides that any federal court may declare the rights and legal relations of any interested party.  However, the availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).  Thus, Plaintiff will be able to seek declaratory relief again if he re-files his quiet title action before the expiration of the statute of limitations for the latter action.  Accordingly, the District Court should dismiss this case against Defendant New Century Mortgage Corporation without prejudice based on Plaintiff's lack of prosecution and failure to comply with a Court order.

**SO RECOMMENDED** on February 11, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE